IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICHARD GERMAN ROBINSON, ) | |
| ID # 819174, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:05-CV-0874-N (BH) |
| ) | ECF |
| DOUGLAS DRETKE, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his burglary of a habitation conviction in Cause No. F95-49195. Respondent is Douglas Dretke, Director of TDCJ-CID.

**B. Procedural History**

After pleading guilty to charges of retaliation (Cause No. F95-49196) and burglary of a habitation (Cause No. F95-49195), petitioner was sentenced "to ten years confinement, probated for five years, and assessed a $500.00 fine in each case." *Robinson v. State*, Nos. 05-98-00486-CR, 05-98-00487-CR, 1999 WL 42048, at *1 (Tex. App. – Dallas Feb. 2, 1999, pet. ref'd) (consolidated

appeal of both convictions setting forth pertinent background information).[1] The State thereafter moved to revoke petitioner's probation, and after a hearing, the trial court revoked his probation "and sentenced him to five years confinement in each case."[2] *Id.*

Petitioner thereafter appealed his convictions, and on February 2, 1999, the court of appeals affirmed them. *Id.* at *1-2. On June 9, 1999, the Texas Court of Criminal Appeals refused his petition for discretionary review. *See Robinson v. State*, No. 05-98-00487-CR, http://www.courtstuff.com/FILES/05/98/05980487.HTM (docket sheet information generated May 17, 2006) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas).

Petitioner has filed two state applications for writ of habeas corpus.[3] *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Robinson%2C+Richard&Style_2=&COACaseNumberNo=&Submit1=Search (accessed May 25, 2006) (showing applications WR-58,705-01 and WR-58,705-02). The Texas Court of Criminal Appeals received an application related to Cause No. 95-49196 (retaliation case) on March 31, 2004, and denied it on April 21, 2004. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=224976 (accessed May 25, 2006). The Texas Court of Criminal Appeals received an application related to Cause No. 95-49195

---

[1] Petitioner challenges his retaliation conviction in Cause No. 3:04-CV-2454-M. The undersigned Magistrate Judge has contemporaneously entered similar findings in both cases.

[2] The trial court entered its judgment in the burglary case on February 27, 1998. *See Robinson v. State*, No. 05-98-00487-CR, http://www.courtstuff.com/FILES/05/98/05980487.HTM (docket sheet information generated May 17, 2006) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas).

[3] Petitioner indicates that he filed a state application for writ of habeas corpus on November 3, 2004, that purportedly remains pending. (*See* Pet. at 9.) The Court's independent research has found no state application that remains pending.

(burglary case) on March 7, 2005, and denied it on April 27, 2005. *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=233367 (accessed May 25, 2006).

On August 14, 2003, the Court received a federal petition for writ of habeas corpus in which petitioner challenged a disciplinary proceeding that occurred on May 12, 2003, during his incarceration for retaliation and burglary of a building.[4] *See Robinson v. Dretke*, No. 3:03-CV-1822-N (N.D. Tex.) (petition). On February 23, 2004, the Court denied that petition on the merits. *See id.* (judgment).

Subsequently, petitioner filed the instant federal petition on April 10, 2005, when he placed it in the prison mail system. (Pet. at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). He specifically challenges state judgments entered with respect to his burglary conviction on September 8, 1995, and February 27, 1998. (Pet. at 2.) He claims that the State is unlawfully holding him because:

1. he was denied the effective assistance of counsel and a fair trial;

2. there was a conflict of interest and an invalid or defective indictment;

3. double jeopardy and no or insufficient evidence; and

4. illegal arrest and conviction obtained by use of evidence obtained from arrest.

(*Id.* at 7-8.)

Because petitioner has filed a previous federal petition, the Court must determine whether the instant petition is a second or successive application within the meaning of 28 U.S.C. § 2244(b).

---

[4] As already mentioned, petitioner has also filed a federal petition to challenge his retaliation conviction. *See Robinson v. Dretke*, No. 3:04-CV-2454-M (N.D. Tex.).

3

## II. SECOND OR SUCCESSIVE APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court. In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003); *accord United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).[5] A petition that is literally second or successive, however, is not necessarily a second or successive application for purposes of AEDPA. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). In *Stewart*, the Supreme Court declined to construe an application as second or successive when it followed a previous dismissal due to prematurity or lack of exhaustion. *Id.* "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

The limitation on the filing of a second or successive petition in federal court applies whether the petitioner raises claims to invalidate his underlying conviction, claims related to a revocation of probation, *see Pritchard v. Henderson*, 440 F.2d 660, 660-61 (5th Cir. 1971) (probation case); claims related to sentence credit issues, *see McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994), or other claims related to "the administration of his sentence", *see Crone*, 324 F.3d at 837.[6] Although the

---

[5] Although the Fifth Circuit Court of Appeals decided *Orozco-Ramirez* in the context of a motion to vacate under 28 U.S.C. § 2255, it also found it appropriate to rely upon cases decided under 28 U.S.C. § 2254 in reaching its decision. *See* 211 F.3d at 864 n.4. In the present context, this Court also finds it appropriate to make no distinction between cases decided under § 2255 and those under § 2254.

[6] Although the Fifth Circuit decided *Pritchard* and *McGary* before the AEDPA came into existence, their rationales are equally applicable to the successive provision of the AEDPA and it is appropriate to consider pre-AEDPA law to interpret

Fifth Circuit has held that a habeas petition filed to challenge "disciplinary proceedings that became final subsequent to a prior habeas petition" is not considered a successive petition to prior petitions that "challenged his criminal conviction and the constitutionality of the TDCJ's good-time credits program", *In re Cain*, 137 F.3d 234, 235-37 (5th Cir.1998), the Fifth Circuit specifically distinguished *In re Cain* because that case "turned on the fact that the petitioner was stripped of his good-time credits after he had filed his earlier petition", *Crone*, 324 F.3d at 837. *Crone* did not distinguish *In re Cain* because the types of challenges were unrelated; instead, it reaffirmed its "strong policy against piecemealing claims" set forth in *McGary*. *See id.* In *McGary*, the Fifth Circuit held that "[t]he law requires federal habeas petitioners to assert in their first habeas application all claims known of, all claims that should have been known of, and all claims that had been known of." 27 F.3d at 185.

> "The requirement that all available claims be presented in a prisoner's first habeas petition is consistent not only with the spirit of AEDPA's restrictions on second and successive habeas petitions, but also with the preexisting abuse of the writ principle. The requirement serves the singularly salutary purpose of forcing federal habeas petitioners to think through all potential post-conviction claims and to consolidate them for a unitary presentation to the district court."

*Orozco-Ramirez*, 211 F.3d at 870-71 (quoting *Pratt v. United States*, 129 F.3d 54, 61 (1st Cir. 1997)).

In this case, petitioner's first federal petition was not dismissed because of any prematurity or lack of exhaustion. Under *Orozco-Ramirez*, *McGary*, and *Crone*, petitioner therefore was required to present all available claims in his first federal petition. Petitioner challenged a disciplinary proceeding in his first federal petition whereas here, he specifically challenges the burglary conviction which led to his incarceration. His current claims relate to matters that occurred well before he

---

that provision. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (applying pre-AEDPA law to a federal petition filed prior to the AEDPA's enactment but specifically noting that "we do not suggest the definition of second or successive would be different under AEDPA"); *Stewart*, 523 U.S. at 640-46 (using pre-AEDPA law to interpret AEDPA's provision governing "second or successive habeas applications").

5

commenced his first federal petition. There is no apparent reason why petitioner could not have raised the instant challenge to his conviction in his first federal petition.[7] Because the instant petition raises claims that petitioner could have raised in his first petition, the instant federal petition is successive within the meaning of 28 U.S.C. § 2244(b).

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

---

[7] The Court recognizes that the Texas Court of Criminal Appeals did not receive a state application for writ of habeas corpus related to petitioner's convictions until after this Court resolved his first federal writ. To the extent that petitioner may argue that he could not have filed the instant claims in his first federal petition because he had not exhausted his state remedies, the Court notes that *Crone* addressed such argument and rejected it. *See* 324 F.3d at 837-38.

Although it is appropriate for the Court to dismiss the successive § 2254 petition without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, it is also appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers).  In this instance, a dismissal without prejudice appears more efficient and better serves the interests of justice than a transfer.  By filing this petition to challenge judgments of September 8, 1995, and February 27, 1998, based upon facts that were or should have been discovered long ago, petitioner has abused the judicial process.[8]

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED without prejudice** pending review by a three-judge panel of the court of appeals.

**SIGNED this 31st day of May, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[8] The Court notes that the claims raised in the instant petition appear to be barred under the applicable statute of limitations.  Were the instant petition not successive, the Court would consider its timeliness, and dismiss it with prejudice should it find the petition untimely.  The Court may not, however, consider the timeliness of a successive petition without the requisite pre-approval of the Fifth Circuit Court of Appeals.

7

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

      The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE